UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SAMUEL JACKSON,

**ECF CASE**

Plaintiff,

**COMPLAINT**

-against-

07 CV 5630 (DLC)

THE CITY OF NEW YORK, DETECTIVE AISHAH
WILLIAMS, POLICE OFFICER JOHN DOE,

<u>Jury Trial Demanded</u>

Defendants.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the

violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution.  This case arises from an August 10, 2006

incident in which one member of the New York City Police Department ("NYPD") subjected

plaintiff to false arrest, and a second member of the NYPD subjected plaintiff to an illegal strip

search.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs

and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth,

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because

defendants City of New York and Aishah Williams are located in and subject to personal

jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28

U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4.     Plaintiff is a resident of the State of New York.

5.     The City of New York is a municipal corporation organized under the laws of the State of New York.

6.     Detective Aishah Williams is a member of the NYPD who was involved in the arrest of plaintiff on August 10, 2006.  Williams is sued in her individual capacity.

7.     Police Officer John Doe is a member of the NYPD who was involved in the strip search of plaintiff in an unknown precinct after plaintiff's arrest on August 10, 2006. Doe is white male with a medium build and of average height who was wearing plainclothes when he strip searched plaintiff.  Doe is sued in his individual capacity.

## STATEMENT OF FACTS

8.     In August, 2006, plaintiff found a wallet that contained, among other things, a police badge and an NYPD identification card.

9.     Plaintiff took measures to return the wallet to its rightful owner, Detective Aishah Williams.

10.     Plaintiff made arrangements to meet Detective Williams on August 10, 2006, at Long Island College Hospital, located on Amity Street in Brooklyn New York.

11.     On August 10, 2006, after plaintiff learned that his mother had passed away at Long Island College Hospital, plaintiff met Detective Williams outside of the hospital.

2

12.    After plaintiff returned the wallet to Detective Williams, she gave plaintiff a reward.

13.    Plaintiff never asked for money or a reward for returning the wallet.

14.    After the exchange, plaintiff and Detective Williams left the scene.

15.    When plaintiff was on the corner of State Street and Garden Place, approximately eight police officers exited their unmarked cars, pointed their firearms at plaintiff, and arrested plaintiff without cause

16.    Plaintiff was arrested because Detective Williams fabricated false allegations against plaintiff.

17.    Plaintiff was subsequently taken to an unknown precinct for arrest processing.

18.    Plaintiff was interrogated in the precinct.

19.    Inside the precinct, plaintiff was illegally strip searched by Police Officer John Doe.

20.    Plaintiff was taken to Brooklyn Central Booking at approximately 5:00 p.m. for further arrest processing and to await arraignment.

21.    While plaintiff was incarcerated in Central Booking, Detective Williams attempted to have plaintiff prosecuted.

22.    The District Attorney's Office, however, declined to prosecute plaintiff.

23.    Plaintiff was released from Central Booking on August 11, 2006, at approximately 7:00 a.m.

24.     As a result of defendants' actions, plaintiff suffered emotional distress, fear, embarrassment, humiliation, discomfort, and a loss of liberty.

## FEDERAL CLAIMS AGAINST DETECTIVE AISHAH WILLIAMS AND POLICE OFFICER JOHN DOE

25.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26.     The conduct of Detective Aishah Williams and Police Officer John Doe, as described herein, amounted to false arrest and an illegal strip search.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

27.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28.     The City of New York directly caused the constitutional violations suffered by plaintiff.

29.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

4

30.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     June 13, 2007
           Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

*Richard J. Cardinale*
_____
RICHARD J. CARDINALE (RC-8507)