

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO** | **LAW DEPARTMENT** | **STEVE STAVRIDIS** |
| *Corporation Counsel* | 100 CHURCH STREET | *Special Federal Litigation Division* |
|  | NEW YORK, NY 10007 | (212) 788-8698 |
|  |  | (212) 788-9776 (fax) |

March 9, 2007

**By ECF**
Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 456 North
New York, New York 11201

Re:   <u>Johnson v. City of New York et ano.</u>, 07 CV 970 (ILG) (JO)

Your Honor:

     I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant The City of New York (the "City") in the referenced action.[1] I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from <u>April 9, 2007 to June 8, 2007</u>. I have conferred with plaintiff's counsel and he consents to the extension. No previous requests for an extension have been made by either party. The initial conference in this case has not yet been set and so granting the extension will not affect any other scheduled dates.

     This case is based on allegations that a police officer falsely arrested plaintiff and used excessive force in effectuating his arrest. In order to respond to these allegations, we need to obtain records of the underlying criminal case including the arrest records. To do this, we need additional time to obtain authorizations from the plaintiff since his arrest records are likely sealed pursuant New York Criminal Procedure Law § 160.50. We have forwarded the necessary consent authorization to plaintiff so that we can access the sealed records, properly assess the case and respond to the complaint.

---

1 Upon information and belief, defendant Thomas Donahue (Shield No. 14716) has not been served with process as of this date.

- 2 -

     The extension is also needed to allow plaintiff time to serve the defendant police officer, and, presuming he is properly served, to afford this office time to conduct its statutory inquiry into whether it could represent him in this case.  <u>See</u> General Municipal Law § 50(k); <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  It has been our experience that the foregoing process takes approximately two months.

     Accordingly, we respectfully request that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from <u>April 9, 2007 to June 8, 2007</u>.

                      Respectfully submitted,

                      Steve Stavridis (SS4005)
                      Special Federal Litigation Division

cc:    James K. Greenberg, Esq. (By ECF)
       Attorney for Plaintiff