UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SAMUEL JACKSON,

                        Plaintiff,

         -against-

CITY OF NEW YORK, DETECTIVE AISHAH
WILLIAMS, and POLICE OFFICER JOHN DOE,

                        Defendants.

------------------------------------------------------------------------x

**ANSWER**

**07-CV-5630 (DLC)**

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

      Defendant the City of New York (the "City"),[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1. Denies the allegations set forth in paragraph 1 of the complaint.

      2. Denies the allegations set forth in paragraph 2 of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein.

      3. Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiff purports to lay venue as stated therein.

      4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

      5. Admits the allegations set forth in paragraph 5 of the complaint.

      6. Denies the allegations set forth in paragraph 6 of the complaint. except admits that a Detective Aishah Williams is employed by the City as a detective for the NYPD and that plaintiff purports to sue her in her individual capacity.

---

[1] Upon information and belief, Detective Aishah Williams has been served with a request for Waiver of Service and so her response to the complaint is not yet due.

7. Denies the allegations set forth in paragraph 7 of the complaint as it pertains to an unidentified defendant.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint, except admit that plaintiff contacted Detective Williams and met with her at the location of Long Island Hospital on August 10, 2006.

12. Denies the allegations set forth in paragraph 12 of the complaint, except admits that plaintiff gave Detective Williams the wallet in exchange for money.

13. Denies the allegations set forth in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint, except admits that plaintiff was arrested on the north-west corner of State and Garden Place.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 16 of the complaint except admits that plaintiff was taken to a police precinct for processing.

18. Denies the allegations set forth in paragraph 18 of the complaint, except admits that plaintiff was processed at the police precinct.

19. Denies the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint, except admits that plaintiff was taken to Brooklyn Central Booking for processing.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. In response to the allegations set forth in paragraph 25 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 24 inclusive of its answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. In response to the allegations set forth in paragraph 27 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 26 inclusive of its answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Denies the allegations set forth in paragraph 30 of the complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

31.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

32. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

33. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

34. Punitive damages are not available against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or that of others and was not the proximate result of any act of the defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

36. There was reasonable suspicion to stop and detain plaintiff.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

37. There was probable cause for plaintiff's arrest, prosecution and detention.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

38. There was probable cause to search plaintiff.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

39. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40. This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendant the City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 17, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant City of New York and
                              100 Church Street, Room 3-159
                              New York, New York 10007
                              (212) 788-8698

                              By: _____
                                    Steve Stavridis (SS 4005)

(By ECF)

TO: Richard J. Cardinale, Esq.
      Cardinale & Marinelli
      Attorneys for Plaintiff
      26 Court Street – Suite 1815
      Brooklyn, New York  11242
      (718) 624-9391