UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMUEL JACKSON,

                                          Plaintiff,

               -against-

THE CITY OF NEW YORK, DETECTIVE AISHAH
WILLIAMS, DETECTIVE KENNETH NOONAN,

                                          Defendants.

**ECF CASE**

**FIRST AMENDED COMPLAINT**

07 CV 5630 (DLC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from an August 10, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, fabrication of evidence, and an illegal strip search. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendants City of New York, Aishah Williams, and Kenneth Noonan are located in and subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper

pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Detective Aishah Williams is a member of the NYPD who was involved in the arrest of plaintiff on August 10, 2006. Williams is sued in her individual capacity.

7. Detective Kenneth Noonan is a member of the NYPD who was involved in the arrest of plaintiff on August 10, 2006 and, upon information and belief, the strip search of plaintiff conducted in an unknown precinct after plaintiff's arrest. Noonan is sued in his individual capacity.

## STATEMENT OF FACTS

8. In August, 2006, plaintiff found a wallet that contained, among other things, a police badge and an NYPD identification card.

9. Plaintiff contacted the owner of the wallet, badge, and identification card, Detective Aishah Williams, in an attempt to return the items.

10. After speaking with plaintiff, Williams fabricated a story that plaintiff attempted to extort money from her in exchange for returning the wallet, badge, and identification card.

11. Williams conveyed her false story to Detective Kenneth Noonan of the NYPD's Internal Affairs Bureau.

12. Williams and Noonan, in a joint undertaking, schemed to arrest plaintiff on a false charge of extortion.

13. Plaintiff and Williams made arrangements to meet on August 10, 2006, at Long Island College Hospital, located on Amity Street in Brooklyn New York.

14. On August 10, 2006, plaintiff met Williams at Long Island College Hospital, returned the items, and accepted a reward from Williams.

15. Plaintiff never asked for money or a reward for returning the items.

16. After the exchange, plaintiff and Williams left the scene.

17. When plaintiff was on the corner of State Street and Garden Place, approximately eight police officers, including Detective Kenneth Noonan, exited their unmarked cars, pointed their firearms at plaintiff, and arrested plaintiff without cause

18. Plaintiff was subsequently taken to an unknown precinct for arrest processing.

19. Plaintiff was interrogated in the precinct.

20. Inside the precinct, plaintiff was illegally strip searched by Noonan or by one of Noonan's fellow officers at Noonan's request.

21. Plaintiff was taken to Brooklyn Central Booking at approximately 5:00 p.m. for further arrest processing and to await arraignment.

22. While plaintiff was incarcerated in Central Booking, Williams and Noonan attempted to have plaintiff prosecuted.

23. The District Attorney's Office, however, declined to prosecute plaintiff.

24. Plaintiff was released from Central Booking on August 11, 2006, at approximately 7:00 a.m.

25. As a result of defendants' actions, plaintiff suffered emotional distress, fear, embarrassment, humiliation, discomfort, and a loss of liberty.

### FEDERAL CLAIMS AGAINST DETECTIVES AISHAH WILLAIMS AND KENNETH NOONAN

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The conduct of Detectives Williams and Noonan, as described herein, amounted to false arrest, fabrication of evidence, and an illegal strip search. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The City of New York directly caused the constitutional violations suffered by plaintiff.

30. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and

improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

       31.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

       WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

     a.     Compensatory damages in an amount to be determined by a jury;

     b.     Punitive damages in an amount to be determined by a jury;

     c.     Costs, interest and attorney's fees;

     d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    October 2, 2007
             Brooklyn, New York

                                       CARDINALE & MARINELLI
                                       26 Court Street, Suite 1815
                                       Brooklyn, New York 11242
                                       (718) 624-9391

                                       By:

                                       *Richard J. Cardinale*
                                       _____
                                       RICHARD J. CARDINALE (RC-8507)